```
 1                 IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3   PROTECT OUR PARKS, INC.,        ) Docket No. 18 CV 3424
     et al.,                         )
 4                                   )
             Plaintiffs,             )
 5                                   ) Chicago, Illinois
                  vs.                ) July 5, 2018
 6                                   ) 9:45 o'clock a.m.
     CHICAGO PARK DISTRICT and CITY  )
 7   OF CHICAGO,                     )
                                     )
 8           Defendants.             )

 9
                   TRANSCRIPT OF PROCEEDINGS - Motion
10            BEFORE THE HONORABLE JOHN ROBERT BLAKEY

11
     APPEARANCES:
12   For the Plaintiffs:     ROTH FIORETTI LLC
                             BY:  MR. MARK D. ROTH
13                           311 South Wacker Drive
                             Suite 2470
14                           Chicago, Illinois  60606

15   For Chicago Park District:
                             BURKE WARREN MacKAY & SERRITELLA PC
16                           BY:  MR. JOSEPH P. RODDY
                             330 North Wabash Avenue
17                           22nd Floor
                             Chicago, Illinois  60611
18
     For City of Chicago:    CITY OF CHICAGO, DEPARTMENT OF LAW
19                           BY:  MR. ANDREW W. WORSECK
                             30 North LaSalle Street
20                           Suite 1230
                             Chicago, Illinois  60602
21

22
                       Laura LaCien, CSR, RMR, CRR
23                        Official Court Reporter
                  219 South Dearborn Street, Suite 1212
24                        Chicago, Illinois  60604
                              (312) 408-5032
25
```

```
 1          (The following proceedings were had in open court:)
 2              COURTROOM DEPUTY:  18 C 3424, Protect Our Parks
 3   versus Chicago Park District.
 4              THE COURT:  Good morning, counsel.  Appearances.
 5              MR. ROTH:  Yes.  My name is Mark Roth, R-o-t-h.  I
 6   represent the plaintiff.
 7              MR. WORSECK:  Good morning, your Honor.  Andrew
 8   Worseck for the City of Chicago.
 9              MR. RODDY:  Good morning, Judge.  Joe Roddy on
10   behalf of the Chicago Park District.
11              THE COURT:  How are you?
12              MR. RODDY:  Very well.
13              THE COURT:  We're here -- there's actually a motion
14   asking for a different schedule.  I've received what the
15   parties submitted.  Do you want to argue that?
16              MR. WORSECK:  We'd be happy to, your Honor.
17              THE COURT:  All right.
18              MR. ROTH:  That's fine, your Honor.
19              MR. WORSECK:  Your Honor, the basic gist of our
20   motion is that the plaintiffs filed this case too soon and it
21   just doesn't make sense either from a logical standpoint or
22   from the point of efficiency just start jumping into the
23   merits of the case.  Based on the core of their complaint,
24   the way they've kind of teed up this case, their theory is
25   that the reason that the Obama Presidential Center would be
```

1   unlawful is that it would effectively be a private use of
2   public land and that question turns on what The Barack Obama
3   Foundation will actually be authorized to do on that land
4   when they build the center and open it to the public and that
5   question turns on critical legislative authorizations from
6   the city council that would be forthcoming in a city council
7   ordinance and part of that ordinance would be approval --
8   anticipated approval, the city council will ultimately the
9   final arbiter, but anticipated review and a vote on a
10  contract, an agreement between the city and the foundation
11  governing what exactly the foundation would be allowed to do
12  on that site; and this is something that the plaintiffs
13  themselves have brought to the fore of the case in the way
14  that they've pled the complaint.  They themselves referred to
15  legislative authorizations that the city has passed in the
16  past and they talk about this contemplated ground lease
17  between the city and the foundation but, of course, they
18  don't attach it and they couldn't attach it because it
19  doesn't exist.  And until the agreement is finalized and
20  approved by the city council, we just don't know what the
21  parameters of the foundation's use of that site will be and
22  what that will look like.
23          So because that is the core of their case, we submit
24  that it just makes sense to wait for those legislative
25  approvals to happen, to become crystallized, to become

```
 1  finalized and then at that point it would make sense to
 2  address the merits of the case.
 3          THE COURT:  Anything to add?
 4          MR. RODDY:  Judge, as park district we join in the
 5  arguments in the motion from the city.
 6          THE COURT:  Okay.
 7          MR. ROTH:  Your Honor, so what the city and the park
 8  district are doing is they're asking you to rule as a matter
 9  of law that this complaint is premature without filing a
10  motion to dismiss or citing any case law whatsoever that
11  somehow this is premature so they're trying to get a motion
12  granted.
13          THE COURT:  Let me interrupt you for just one
14  second.  You're not asking for a dismissal, are you?  You're
15  asking for a stay?
16          MR. WORSECK:  I wouldn't call it a stay, your Honor.
17  We're asking for a period of months -- we think it will just
18  be a few number of months, two, three, four, at the most --
19  for the Court and the parties to wait until the issues become
20  properly --
21          THE COURT:  Okay.  Hang on a second.
22          MR. WORSECK:  Sure.
23          THE COURT:  You're asking for a stay then, you're
24  not asking me to dismiss the case, correct?
25          MR. WORSECK:  We're not asking for a dismissal at
```

1   this point, correct.

2   THE COURT: Okay. That's the only thing I wanted to
3   clarify. Go ahead, counsel. I'm sorry. I interrupted you.
4   Go ahead.

5   MR. ROTH: No, your Honor. What they're saying is
6   stay the case because it's premature but it's on question
7   that it's not premature. So what the essence of the deal is,
8   is that the park district is transferring land to the City of
9   Chicago for one dollar. That's already been approved. No
10  question about it. The city is then transferring this park
11  district land to the private foundation. That's a done deal,
12  too. All of our causes of action relate to that essential
13  transaction.

14  What they cite in their motion is, well, there might
15  be a smaller footprint to the building or that we're going to
16  vacate a street and plant grass there. That has absolutely
17  no impact whatsoever on any of our causes of action. The
18  complaint is not premature.

19  Now what -- just to put this into perspective, your
20  Honor, so we filed a complaint. They came in and they asked
21  for an extension of time to answer the -- to respond to the
22  complaint, to not comply with the mandatory initial discovery
23  rules that we're supposed to comply with to not have a
24  standing order, initial status conference. You granted
25  exactly what they asked for. What they're really trying to

1  do is stay this case now for maybe up to a year because what
2  they're saying is, is, well, if we introduce this ordinance
3  in July, then maybe we'll vote on it in September but, you
4  know what, maybe we won't.  So maybe then we'll vote on the
5  ordinance in October but, again, maybe we won't.
6              Under the briefing schedule that they're proposing,
7  we're not even going to get any argument or perhaps even a
8  substantive ruling until sometime in March of 2019.  They
9  will have effectively delayed the case for almost a year.
10 We're entitled, your Honor, to rely on the deadlines set
11 forth in the Federal Rules of Civil Procedure subject
12 obviously to your ability to control your docket and we
13 understand that.  What they're asking for is egregious.  They
14 haven't cited one case whatsoever in their motion.  There's
15 nothing that supports what they're asking us -- they're
16 asking this Court to do.
17             MR. WORSECK:  Your Honor, if I may respond.
18             THE COURT:  Yeah, sure.
19             MR. WORSECK:  Thank you.  The plaintiff's framing of
20 the case supports what we're asking the Court to do in that
21 they have put at issue, direct issue the legislative
22 authorizations and the terms of the upcoming agreement.
23 Counsel said that there has already been legislative approval
24 for the park district transfer of the property to the city.
25 That's incorrect.  As we put in our motion, because the

1  boundaries of the site at issue have changed, a new
2  legislative authorization is necessary.  So the city needs to
3  pass a new ordinance authorizing that and that is anticipated
4  to be one of the components of the upcoming ordinance.
5       And then counsel said that the transfer from the
6  city to the foundation is a done deal.  Well, that's just not
7  correct, your Honor.  That would need to be something that
8  the city council approves in the upcoming ordinance and a
9  critical component of that would be the terms of the
10 agreement between the city and the foundation.  And even
11 the -- in their response brief in here, plaintiff has tried
12 to focus on the transfer between the park district and the
13 city, not so much the transfer or the agreement between the
14 city and the foundation, but even that transfer from the park
15 district to the city.  Under their legal framing of the case,
16 that too depends on the upcoming ordinance and agreement
17 terms because their theory for why the transfer from the park
18 district to the city is unlawful is that ultimately that land
19 will be used for a private purpose.  Well, that then just
20 takes us back to what exactly will the foundation be
21 authorized to do on that land and again that depends on the
22 upcoming legislative approvals.
23      THE COURT:  Do you need to respond to that, counsel?
24      MR. ROTH:  You're Honor, they've already -- the park
25 district has approved the transfer of the land to the City of

1    Chicago.  The City of Chicago in the January 2015 ordinance
2    approved allowing the foundation to build the Obama center on
3    the land that was transferred from the park district to the
4    City of Chicago.  That's undisputed so all of the causes of
5    action relate to that issue.
6             Now we know they're relying on an amendment to the
7    Illinois Museum Act which requires them to give the
8    foundation at least a 99-year lease because, remember, this
9    is a series of buildings that are going to cost a half a
10   billion dollars.  They're not giving them a five-year lease,
11   a ten-year lease.  They're relying on the Illinois Museum Act
12   which requires a 99-year lease maybe with additional rights
13   to renew.  So at a minimum, we know the parameters of the
14   deal.  It's not premature.  Whether they, you know, have a
15   smaller footprint to the library is of no consequence
16   whatsoever.
17             THE COURT:  Anything, counsel?
18             MR. WORSECK:  One last -- a couple last points, your
19   Honor.  You didn't hear my colleague here talk about how
20   plaintiffs would be prejudiced by this proposal and that's
21   because they simply would not be.  Nothing is going to happen
22   on this land until the legislative approvals that we've been
23   talking about take place.  And we also mention in our motion
24   that there's a separate track of federal approvals, two
25   different federal reviews that need to take place and so

1  those would need to be completed, too.  And then of course
2  building permits and the like would need to be applied for
3  and approved by the city so there's no prejudice or injury to
4  the plaintiffs by our proposal which simply asks the Court to
5  take stock of the case over the next coming months and we
6  would be happy to apprise the Court in a prompt fashion if
7  and when we have better information as to the precise
8  legislative timetable for these events to occur.
9          And I think it goes without saying that the city and
10 the foundation, they have as much of an interest as anyone,
11 perhaps more interest than anyone in actually getting this
12 project going forward so this is not something that's going
13 to drag on indefinitely.  The foundation and the city would
14 like to see these legislative ordinances come to fruition,
15 would like to get the agreement hashed out so they have every
16 incentive to move this along quickly.
17         THE COURT:  Do you need to address the prejudice
18 prong, counsel?
19         MR. ROTH:  Yes.  We have -- The prejudice is that
20 they're delaying our case by a year when we filed it in May
21 and they're looking to get some type of -- even addressing
22 the complaint on the merits maybe in 2019.  That's prejudice
23 in and of itself.  In addition, they're spending valuable
24 money that -- of our clients and justice delayed is justice
25 denied, your Honor.

1          THE COURT: All right. Counsel, let's assume for
2  the sake of argument that we're in a time machine and we've
3  gone forward and the city council has done everything that
4  they're anticipated to do, any of the federal approvals have
5  occurred, what do you anticipate would happen in this case in
6  terms of discovery or anything else or would it simply be a
7  briefing upon a discrete set of facts?
8          MR. WORSECK: We would anticipate that once all of
9  the approvals are finished -- you know, we have said we would
10 be happy to allow plaintiffs to amend their complaint.
11 They've said we don't want to. So assuming that we're kind
12 of on the existing complaint, we think the motion -- the case
13 could be resolved on Rule 12 motions that would, you know,
14 look at the terms of the ordinance, the agreement would be
15 part of that ordinance, those would be things that the Court
16 could consider in a Rule 12 posture and, you know, we believe
17 that the case would be subject to resolution within that
18 context.
19         THE COURT: What's your take on that same question,
20 counsel?
21         MR. ROTH: Well, obviously, we disagree because it's
22 not going to be decided on a Rule 12 motion because our
23 complaint states a colorable cause of action so we're just
24 delaying their responding to the merits. The city and the
25 park district do not want to respond to the merits of this

1  case.  We're asking -- we're trying to hold their feet to the
2  fire to respond --
3              THE COURT:  Answer my question first.  What would
4  you anticipate happening in terms of discovery, if any?
5              MR. ROTH:  Well, I'm not sure.  I think it could be
6  resolved on the law.  I think that we will -- the motion to
7  dismiss -- I'm saying on behalf of the plaintiff obviously --
8  if that's denied, then it would be probably a summary
9  judgment on cross summary judgments.
10             THE COURT:  Without discovery?
11             MR. ROTH:  I don't want to foreclose the possibility
12 of discovery but I think --
13             THE COURT:  Well, you filed --
14             MR. ROTH:  -- discovery would be limited.
15             THE COURT:  Hang on a second, counsel.  You filed
16 the case.  What discovery do you anticipate?
17             MR. ROTH:  I don't see any discovery at this point
18 in time but I -- again, I don't want to foreclose the
19 possibility but I believe that the facts are what the facts
20 are.
21             THE COURT:  Is it your position that what the city
22 council does or federal approval does would have no effect at
23 all on whatever ruling I would have to make?
24             MR. ROTH:  Correct, your Honor, because they've
25 already approved the transaction.  So any details of the

1  transaction about what they -- they talk about two things:
2  They say that the footprint of the one building might be
3  smaller, number one.  And they say, number two, we're going
4  to vacate a street and we're going to plant grass.  That's
5  what they've said.  Those two things have nothing to do
6  whatsoever with the claim; nothing.
7        THE COURT:  We don't know what the city council is
8  going to do, right?
9        MR. ROTH:  Well, I -- all I can go by is what the
10  city has put in its motion and the city has raised those two
11  things, smaller footprint, planting grass over a street and
12  that's it.
13        THE COURT:  Well, the city council has to enact
14  additional ordinances and anyone who tries to read those tea
15  leaves of what the city may or may not do does so at their
16  own risk.  There could be scenarios where they do something
17  unexpected, correct, that would affect my ruling, right?
18        MR. ROTH:  The only thing they could do that would
19  affect the complaint is to stop the Obama center from being
20  built.  That's the only thing that they could do that would
21  impact the complaint the way it's drafted, the way it's
22  presented to you at this point in time.  That's it.
23        THE COURT:  And no one can break ground without them
24  actually going forward with an ordinance, correct?
25        MR. ROTH:  No.  I'm not sure of that, your Honor.  I

1  believe --
2           THE COURT: They could go out tomorrow and break
3  ground?
4           MR. ROTH: Yes, because the ordinance already
5  approved it.
6           MR. WORSECK: Your Honor, again --
7           THE COURT: Do you want to respond to that?
8           MR. WORSECK: Sure. Thank you. Counsel is wrong
9  that the city has approved the project going forward. They
10 have not. That's something that they need to do. That's
11 what this upcoming anticipated ordinance would be all about
12 would be approving the particular parameters and agreement
13 that would govern the foundation's use of the site.
14          We cited a couple of things in our motion about how
15 the contours of the project have changed since 2015. That
16 was not meant to be and certainly didn't say it was an
17 exhaustive list. There are other things that have changed,
18 other things that still could change and it just doesn't make
19 sense to wade into those issues until we know what they are
20 and they've been crystallized, solidified and approved.
21          THE COURT: All right. Anything else?
22          MR. ROTH: No, your Honor.
23          THE COURT: Anything, counsel?
24          MR. WORSECK: No. Thank you.
25          THE COURT: All right. In light of the fact that

1   the parties do not anticipate discovery and any ruling I
2   would make would have to address not only the ordinances and
3   approvals that exist now but would have to address what
4   changes may or may not occur, I believe a short stay in terms
5   of an answer or MIDP discovery is appropriate.  A year is not
6   going to happen, counsel.  I'm not going to stop this for a
7   year.  If the city drags its feet on it which I don't know if
8   they'll do that, it's up to them what their schedule, I don't
9   tell them what to do, then I'm going to revisit this ruling
10  in short order but there's a possibility that it could happen
11  this summer.  But if it hasn't happened by the -- by
12  September, then we're going to have a briefing schedule so
13  it's up to the -- if the city wants to move on it and
14  finalize whatever ordinances and clarify -- and you might be
15  very well -- you might be right, counsel.  The ordinance that
16  finally comes out might not change the landscape at all
17  but -- and the fact that I don't think there's a lot of
18  attorneys' fees that are going to be encumbered in light of
19  the fact that I'm going to issue a stay.  There's no
20  discovery delay because you don't anticipate discovery and
21  the harm you're trying to prevent is not going to happen
22  without me having some input on it by the nature of this
23  case.
24           So looking at all the factors, I think a short stay
25  to the end of my next court date which -- Gloria, give me

1   something at the end of August.  I'll stay the case through
2   and including August.  At that point if the city hasn't ruled
3   on anything, then we're going to set an answer date or any
4   other responsive pleading that you want.  And if we have to
5   revise that down the road because they end up issuing an
6   ordinance, so be it, but I would rather we have one briefing
7   schedule rather than two because that would cost your clients
8   more money as well, counsel.  All right.  Gloria, give me
9   something in August.
10              COURTROOM DEPUTY:  Tuesday, August 28th at 9:45.
11              THE COURT:  Is that good for the parties for status?
12              MR. WORSECK:  That is good for the city, your Honor.
13  I would just like to point out just so the Court is clear, we
14  mentioned this in our motion but just to emphasize the point,
15  we don't anticipate that the city council would sit in August
16  so just --
17              THE COURT:  Well, you said that July 27th they
18  were --
19              MR. WORSECK:  July 25th.
20              THE COURT:  July 25th.  Well, they better put it on
21  the agenda then.  All right.  Anything else?
22              MR. ROTH:  No, your Honor.
23              THE COURT:  All right.  Thank you, counsel.
24              MR. ROTH:  Thank you.
25              MR. WORSECK:  Thank you.

1      MR. RODDY:  Thank you, your Honor.

2      (Which concluded the proceedings in the above-entitled

3  matter.)

4                    C E R T I F I C A T E

5      I hereby certify that the foregoing is a transcript

6  of proceedings before the Honorable John Robert Blakey on

7  July 5, 2018.

8

9  */s/Laura LaCien*
   _____               July 16, 2018
10 Laura LaCien                                  Date
   Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25