```
 1                  IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3   PROTECT OUR PARKS, INC.,       ) Docket No. 18 CV 3424
     et al.,                        )
 4                                  )
             Plaintiffs,            )
 5                                  ) Chicago, Illinois
                  vs.               ) October 24, 2018
 6                                  ) 9:45 o'clock a.m.
     CHICAGO PARK DISTRICT and CITY )
 7   OF CHICAGO,                    )
                                    )
 8           Defendants.            )

 9
                    TRANSCRIPT OF PROCEEDINGS - Status
10             BEFORE THE HONORABLE JOHN ROBERT BLAKEY

11
     APPEARANCES:
12   For the Plaintiffs:     ROTH FIORETTI LLC
                             BY:  MR. ROBERT FIORETTI
13                                MR. MARK D. ROTH
                             311 South Wacker Drive
14                           Suite 2470
                             Chicago, Illinois  60606
15
     For Chicago Park
16     District:             BURKE WARREN MacKAY & SERRITELLA PC
                             BY:  MR. JOSEPH P. RODDY
17                           330 North Wabash Avenue
                             22nd Floor
18                           Chicago, Illinois  60611

19   For City of Chicago:    CITY OF CHICAGO, DEPARTMENT OF LAW
                             BY:  MR. ANDREW W. WORSECK
20                           30 North LaSalle Street
                             Suite 1230
21                           Chicago, Illinois  60602

22

23              Laura LaCien, CSR, RMR, CRR
                     Official Court Reporter
24         219 South Dearborn Street, Suite 1212
                  Chicago, Illinois  60604
25                     (312) 408-5032
```

```
 1        (The following proceedings were had in open court:)
 2             COURTROOM DEPUTY:  18 C 3424, Protect Our Parks, et
 3   al., versus Chicago Park District.
 4             THE COURT:  Good morning, counsel.  Appearances.
 5             MR. ROTH:  Good morning, your Honor.  My name is
 6   Mark Roth, R-o-t-h.  I represent the plaintiffs.
 7             MR. FIORETTI:  Bob Fioretti also on behalf of
 8   plaintiff.
 9             THE COURT:  Good to see you, counsel.
10             MR. WORSECK:  Good morning, your Honor.  Andrew
11   Worseck for the City.
12             MR. RODDY:  Good morning, Judge.  Joe Roddy on
13   behalf of Chicago Park District.
14             THE COURT:  All right.  We have an answer on file
15   with affirmative defenses.  Normally what I would do now is
16   set a date for pilot discovery, attorney-driven discovery,
17   expert discovery if you need it, dispositive motion schedule
18   and a trial so -- but I'm not sure how much discovery the
19   parties in this case think they need so why don't you tell me
20   what -- how you see our duties today?
21             MR. WORSECK:  Your Honor --
22             MR. ROTH:  I'm sorry.  May I?
23             THE COURT:  Plaintiffs go first, go ahead.
24             MR. ROTH:  So yesterday we had sent around our
25   proposed discovery schedule and that would have either MIDP
```

1   or Rule 26 disclosures by the end of the October, October
2   31st, close of fact discovery by February 28th, 2019,
3   obviously, deadline for serving expert reports -- at least
4   initial reports -- March 29th, a month thereafter, rebuttal
5   reports, April 30th, and then the close of all expert
6   discovery of May 31st of 2019.
7           So I sent that to counsel, did not receive a
8   substantive response other than a response saying they want
9   to discuss it in court today but so that's -- it's, we
10  believe, a fairly tight schedule with fact discovery closing
11  at the end of February and we want to keep it on a short
12  leash.  There's certainly some discovery necessary so we had
13  already issued subpoenas to the Obama Foundation and
14  University of Chicago.  They responded in part.  We agreed
15  that they would produce some things now and then we discussed
16  other things, which we are going to do probably today.  We've
17  issued written discovery to the City and the Park District I
18  believe it was Tuesday so there's some discovery we need
19  because the initial ordinance that we sued upon has been --
20  let's just say the landscape, without using a pun, has
21  changed because they're going to presumably enact a new
22  ordinance so we need some discovery but we have proposed a
23  pretty aggressive schedule.
24          THE COURT:  All right.  What's your thoughts,
25  counsel?

```
 1             MR. WORSECK:  Thank you, your Honor.  We are happy
 2   to talk about case management dates today but I want to make
 3   one point and kind of explain why we didn't file a
 4   dispositive motion on Monday when we filed our answer and
 5   that simply is, as we've said repeatedly both in writing and
 6   orally before your Honor, we think that it makes the most
 7   sense to tee up a dispositive motion after the ordinance that
 8   is currently now pending before the city council that would
 9   govern the Foundation's ability to use the site for the OPC.
10   Once that is enacted, which we expect the city council to
11   vote on in seven days on October 31st, once that is enacted,
12   then that would be the appropriate time to file a dispositive
13   motion.
14             At the first hearing in this matter, your Honor
15   asked both parties their views on whether the case would be
16   susceptible to early resolution on a dispositive motion and
17   both parties essentially agreed.  The plaintiffs said they
18   thought the case came down to the law and that they didn't
19   anticipate needing any discovery.  At that time we were
20   talking about the very ordinance that is now before the city
21   council.  This is not some new ordinance coming out of left
22   field.  This is the same ordinance we've always been talking
23   about.
24             So if, in fact, the city council enacts that
25   ordinance next Wednesday, we would then shortly thereafter be
```

1  filing a dispositive motion which we think would present the
2  Court with everything it needs, as we've said before, to
3  resolve the merits of this case based on the law and the
4  governing ordinances.
5         MR. ROTH:  And, your Honor, so I remember exactly
6  what I said on July 5th when we were in front of you on the
7  initial status.  You asked if we would need discovery.  I
8  said we probably need some limited discovery.  What we're
9  proposing is limited discovery.  So we've already deferred
10 MIDP disclosures because the City and Park District
11 represented they were going to file a motion to dismiss for
12 lack of subject-matter jurisdiction, which is one of the
13 reasons why you could defer MIDP disclosures.  They didn't
14 file a motion to dismiss.  They filed an answer and they have
15 affirmative defenses on lack of subject-matter jurisdiction.
16 So having said that, they haven't filed a dispositive motion
17 what.  We're asking for is limited discovery, the same thing
18 I asked for when we discussed it on July 5th.
19        THE COURT:  Okay.  Anything else?
20        MR. WORSECK:  On the issue of MIDP discovery, your
21 Honor, the parties and the Court have all been aligned
22 previously with deferring that discovery.  The plaintiff's
23 schedule that we proposed yesterday afternoon -- that was the
24 first time we saw it -- is a schedule that contemplates kind
25 of conventional discovery, attorney-driven discovery, not the

1    MIDP process so it seems like they are of the mind that MIDP
2    is inappropriate.  We continue to be of the mind that MIDP is
3    inappropriate in part because we think we have a strong
4    subject-matter jurisdiction argument which would be a basis
5    under the standing order for deferring the commencement of
6    MIDP and we'd be happy to -- we've laid that out in our
7    affirmative defenses and we'll talk about it more in our
8    dispositive motion.
9            MR. ROTH:  Well, so the schedule I proposed to the
10   other side contemplated either MIDP or Rule 26(a)(1)
11   disclosures.  I think we need Rule 26(a)(1) disclosures
12   because of Rule 37 and the implications of that rule.  So
13   either way, whether it's MIDP on the one hand or Rule
14   26(a)(1) disclosures on the other hand, I think that those
15   are prerequisite here to further attorney-driven discovery
16   and that's what we propose.  That's what I proposed in my
17   email yesterday that whatever disclosure we're going to have,
18   whether it be MIDP or Rule 26(a)(1) --
19           THE COURT:  Have you read the MIDP?
20           MR. ROTH:  I have.  It's very comprehensive, your
21   Honor.  I'm involved in several cases where we have been
22   involved in that.
23           THE COURT:  MIDP, the normal deadline for that is
24   triggered off of the answer date so the MIDP would not be due
25   at the end of October, right?

```
 1            MR. ROTH:  Well, it is -- that's correct but
 2   we've certainly pushed it off from --
 3            THE COURT:  Well, it's never been triggered because
 4   there's never been an answer --
 5            MR. ROTH:  You're right, your Honor.
 6            THE COURT:  -- so the MIDP would never be due when
 7   you're suggesting.
 8            MR. ROTH:  You're right.
 9            THE COURT:  And the current deadline, if the Court
10   simply applies the standing order regarding MIDP, would put
11   it well past the deadline for the City filing or enacting
12   whatever it wants to enact which would give you an
13   opportunity not only to file a motion to dismiss but a motion
14   to stay discovery before your MIDP was due.  Is that fair to
15   say?
16            MR. WORSECK:  Yes.  That's right.
17            THE COURT:  All right.  So why don't I just enter an
18   order with the normal MIDP date and a case management
19   conference two weeks after that is due and then you either
20   file or don't file, whatever you want, based on what the city
21   council does or does not do, does that sound fair?
22            MR. ROTH:  Yes, your Honor.
23            THE COURT:  There's no stay of discovery; let me
24   repeat that.
25            MR. ROTH:  Right.
```

```
 1            THE COURT:  So if you want to propound
 2   attorney-driven discovery, I'm happy to address whatever
 3   issues you may or may not have between now and then but
 4   that's the normal course.  And when I do the case management
 5   conference after the MIDP disclosures, assuming you haven't
 6   prevailed on a motion to stay, which you might based on what
 7   motion you file in terms of the nature of the motion to
 8   dismiss, then it gives the parties an opportunity to look at
 9   the MIDP discovery and that clarifies the issue for
10   attorney-driven discovery and we can set a case management
11   conference schedule that has all the dates, including a trial
12   date, including expert discovery schedule, et cetera.  Does
13   that sound fair?
14            MR. WORSECK:  It makes sense, your Honor.
15            THE COURT:  Sound fair?
16            MR. ROTH:  Yes.
17            THE COURT:  All right.  Gloria, give me a MIDP date.
18   The answer was filed I believe yesterday or two days ago.
19            COURTROOM DEPUTY:  Wednesday, November 21st.
20            THE COURT:  And then give me a CMC a couple weeks
21   after that.
22            MR. FIORETTI:  11-21?
23            THE COURT:  MIDP is 11-21, initial; and that goes
24   for both sides.
25            COURTROOM DEPUTY:  Wednesday, December 5th at 10:15.
```

```
 1                THE COURT:   Is that good for a CMC?
 2                MR. ROTH:    That's December 5th?
 3                THE COURT:   Yes.
 4                MR. ROTH:    Yes.
 5                THE COURT:   That will be -- we'll set all the dates
 6   including a trial date at that time.
 7                MR. ROTH:    Yes, your Honor.
 8                MR. WORSECK:   That works for the City, your Honor.
 9                THE COURT:   Okay.  And if you're talking limited
10   discovery, I was thinking even a shorter schedule than you
11   were talking about.  So in the absence of a stay, which we
12   might have, then we would set it on a tighter schedule.  I
13   don't know how much discovery you need.  So at the case
14   management conference, tell me with specifics how many
15   depositions you think you need, et cetera, because there's no
16   reason to let the case linger.  It needs to be resolved
17   either for one -- for the plaintiff or the defendant.
18   There's -- lingering is not going to happen, for sure.
19                MR. ROTH:    We agree.
20                THE COURT:   I think everybody agrees.
21                MR. WORSECK:   Yes.
22                THE COURT:   They want to dismiss it today and you
23   want a judgment in your favor today, so.
24                MR. ROTH:    Could you do that for us?
25                THE COURT:   All right.  Take care, counsel.  See you
```

```
 1  then.
 2          MR. WORSECK:  Thank you, your Honor.
 3          MR. FIORETTI:  Take care.
 4          MR. ROTH:  Thank you.
 5     (Which concluded the proceedings in the above-entitled
 6  matter.)
 7                     C E R T I F I C A T E
 8          I hereby certify that the foregoing is a transcript
 9  of proceedings before the Honorable John Robert Blakey on
10  October 24, 2018.
11
12  /s/Laura LaCien
    _____            October 26, 2018
13  Laura LaCien                                 Date
    Official Court Reporter
14
```