# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| Protect Our Parks, Inc.; Charlotte Adelman; | ) | |
| Maria Valencia; and Jeremiah Jurevis; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No.  18 CV 03424 |
| v. | ) | |
| | ) | |
| Chicago Park District and City of Chicago, | ) | Judge John Robert Blakey |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MANDATORY INITIAL DISCOVERY RESPONSES**

Defendant City of Chicago ("City"), by its attorneys, Edward N. Siskel, Corporation Counsel for the City, and Mayer Brown LLP, and Defendant Chicago Park District ("Park District"), by its attorney, Burke, Warren, MacKay & Serritella P.C., hereby submit their initial discovery responses pursuant to the Northern District of Illinois' Standing Order Regarding Mandatory Initial Discovery Pilot Project ("MIDP Standing Order").

**Defendants' Preliminary Statement**

Paragraph B of the MIDP Standing Order requires the disclosure of certain materials and information "relevant to any party's claims or defenses."  The universe of relevant materials in this case is limited to official government approvals and related public proceedings, or other items subject to judicial notice.  As Defendants explain in their November 21, 2018 Motion to Stay Discovery ("Mot. to Stay"), and in their November 21, 2018 Memorandum in Support of Defendants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction, and in the Alternative, Rule 12(c) Motion for Judgment on the Pleadings ("Dispositive Mot. Mem."), Plaintiff's claims and Defendants' affirmative defenses can be resolved on the basis of Defendants' official approvals concerning the OPC; the official, public legal documents governing the relationship between The Barack Obama Foundation ("Foundation") and the City; and information contained in a limited number of judicially-noticeable documents.  No additional factual material that may be in the possession of Defendants is necessary or relevant to Plaintiffs' claims or Defendants' defenses.  For instance, Plaintiffs' central claim – that Illinois public trust doctrine is violated by the transfer of land from the Park District to the City for use as the Obama Presidential Center ("OPC") by the Foundation – raises a pure question of law that can be resolved based solely on the Park District Aquarium and Museum Act's ("Museum Act") textual authorization of presidential centers.  And even if it were necessary to consider factors other than the Museum Act's textual authorization , the Court would have no need to go beyond "the Act, the implementing agreements, []or the project documents," to adjudicate Plaintiffs' claims. <u>Friends of the Parks v. Chicago Park Dist.</u>, 203 Ill. 2d 312, 327 (2003).

1

Defendants' responses herein are made subject to this understanding of relevance. Should the Court endorse a view of relevance broader than the one stated above, Defendants reserve the right to supplement these responses to disclose responsive information, assert privilege, or raise objections, as contemplated by Paragraph A.2 of the MIDP Standing Order. Defendants also state that these responses are based on information reasonably available to Defendants to date. Defendants may not yet have discovered witnesses or documents, or inadvertently may have omitted witnesses or documents from these Initial Disclosures, which later may be deemed relevant. Defendants reserve the right to make use of such information and documents as they are discovered and to supplement these responses accordingly. Defendants also reserve the right to call any witnesses identified or disclosed by Plaintiffs or any witness discovered to have relevant information.

Subject to the foregoing, Defendants submit the following MIDP initial discovery responses:

1.　　　MIDP Standing Order ¶ B.1: State the names and, if known, the addresses and telephone numbers of all persons who you believe are likely to have discoverable information relevant to any party's claims or defenses, and provide a fair description of the nature of the information each such person is believed to possess:

Response:　　　Subject to Defendants' preliminary statement, Defendants do not believe any persons are likely to have discoverable information relevant to any party's claims or defenses beyond the information described below in response to item 3.

2.　　　MIDP Standing Order ¶ B.2: State the names and, if known, the addresses and telephone numbers of all persons who you believe have given written or recorded statements relevant to any party's claims or defenses. Unless you assert a privilege or work product protection against disclosure under applicable law, attach a copy of each such statement if it is in your possession, custody, or control. If not in your possession, custody, or control, state the name and, if known, the address and telephone number of each person who you believe has custody of a copy.

Response:　　　Subject to Defendants' preliminary statement, Defendants have not identified any persons believed to have given written or recorded statements relevant to any party's claims or defenses beyond statements contained in the materials described below in response to item 3.

3.　　　MIDP Standing Order ¶ B.3: List the documents, electronically stored information ("ESI"), tangible things, land, or other property known by you to exist, whether or not in your possession, custody or control, that you believe may be relevant to any party's claims or defenses. To the extent the volume of any such materials makes listing them individually impracticable, you may group similar documents or ESI into categories and describe the specific categories with particularity. Include in your response the names and, if known, the addresses and telephone numbers of the custodians of the documents, ESI, or tangible things, land, or other property that are not in your possession, custody, or control. For documents and tangible things in your possession, custody, or control, you may produce them with your response, or make them

2

available for inspection on the date of the response, instead of listing them. Production of ESI will occur in accordance with paragraph C.2 below.

   Response:      Subject to Defendants' preliminary statement, Defendants disclose the following materials.

- City ordinances and other official City and Park District authorizations concerning the OPC, including authorization of the transfer of the OPC site from the Park District to the City, authorization of the Foundation's use of that land for the OPC, authorization of the City to enter into agreements with the Foundation governing use of that land for the OPC, and authorization of the Foundation's application for approval under the City's Lake Michigan and Chicago Lakefront Protection Ordinance.  <u>See</u>, e.g., Exs.1, 5-7 to Defs.' Dispositive Mot. Mem; Exs. 3 & 4 to Defs' Answer and Affirmative Defenses.

- Official legislative history of the official City and Park District authorizations.  <u>See</u>, <u>e.g.</u>, Ex. 8 to Defs.' Dispositive Mot. Mem.

- Maps showing the location of the OPC site on specifically demarcated portions of surveyed land and in relation to the shoreline of Lake Michigan in 1822, 1834, and 2009. <u>See</u> Exs. 2-4 to Defs.' Dispositive Mot. Mem.

- Official correspondence from the Internal Revenue Service concerning the Foundation's tax-exempt status.  <u>See</u> Ex. 9 to Defs.' Dispositive Mot. Mem.

- United States land patents authorizing the sale of portions of land containing the current OPC site from the United States to private purchasers.  <u>See</u> Ex. 10-11 to Defs.' Dispositive Mot. Mem.

- Operating contracts between the Park District (or its predecessors) and private museum corporations governing the use of parkland for the operation of other museums.  <u>See</u>, <u>e.g.,</u> Exs. 12-14 to Defs.' Dispositive Mot. Mem.

- The land in Jackson Park comprising the proposed OPC site.

   4.      MIDP Standing Order ¶ B.4:  For each of your claims or defenses, state the facts relevant to it and the legal theories upon which it is based.

<u>First Affirmative Defense:  Lack of Subject-Matter Jurisdiction (Lack of Standing)</u>

   Plaintiffs lack standing because they fail to allege a concrete and particularized injury, asserting no more than a generalized grievance.  The facts and legal theories upon which this defense is based are set forth in full in Defendants' Answer and Affirmative Defenses (at 70-72) and in Defendants' Dispositive Motion Memorandum (at Part I), which are hereby incorporated

by reference.  In particular, Plaintiffs lack standing in federal court to assert claims based on their purported status as beneficiaries of a public trust under Illinois law because, by their own admission, that alleged interest is common to *all* Illinois residents and does not provide Plaintiffs with the required personal stake for Article III standing.  Plaintiffs' alleged status as taxpayers is also inadequate because they also share that status with thousands, if not millions, of other residents and because they fail to allege that any tax revenue will be spent in the way they fear.

Second Affirmative Defense:  Lack of Subject-Matter Jurisdiction (Lack of Ripeness)

Plaintiffs' First Amendment claim (Count VI) is not ripe.  The facts and legal theories upon which this defense is based are set forth in full in Defendants' Answer and Affirmative Defenses (at 72) and in Defendants' Dispositive Motion Memorandum (at Section II.B), which are hereby incorporated by reference.  In particular, Plaintiffs allege that (i) the OPC will be used for partisan political activity and (ii) residents with contrary views will have to support that supposed political activity in the future through payment of a tax under the Museum Act. But these allegations are both speculative and contrary to the Museum Act, as well as the Foundation's obligations under a City ordinance, the use agreement between the Foundation and the City, and the Internal Revenue Code.  In short, Plaintiffs ask the Court for an advisory opinion, based on a presumption that years from now the Foundation might violate the law and legal documents governing the site, and their claim is therefore unripe.

5.      MIDP Standing Order ¶ B.5:  Provide a computation of each category of damages claimed by you, and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered. You may produce the documents or other evidentiary materials with your response instead of describing them.

Paragraph B.5 is not applicable to Defendants.

6.      MIDP Standing Order ¶ B.6. Specifically identify and describe any insurance or other agreement under which an insurance business or other person or entity may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse a party for payments made by the party to satisfy the judgment. You may produce a copy of the agreement with your response instead of describing it.

Paragraph B.6 is not applicable to Defendants.

Date:    November 21, 2018                    Respectfully submitted,

BURKE, WARREN, MACKAY &                EDWARD N. SISKEL
SERRITELLA, P.C.                             Corporation Counsel for the City of Chicago
Counsel for the Chicago Park District

By:    /s/ Joseph P. Roddy                   By:    /s/ Justin Tresnowski

Richard W. Burke
Joseph P. Roddy
Elizabeth Meyer Pall
Susan M. Horner
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, Suite 2100
Chicago, Illinois 60611
(312) 840-7000
Attorneys for Defendant Chicago Park District

John Hendricks
Deputy Corporation Counsel
Andrew W. Worseck
Chief Assistant Corporation Counsel
Justin Tresnowski
Assistant Corporation Counsel
City of Chicago, Department of Law
Constitutional and Commercial Litigation
Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-6975 / 4-7129 / 4-4216
Attorneys for Defendant City of Chicago

Michael A. Scodro
Britt M. Miller
Jed W. Glickstein
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600 (Telephone)
(312) 701-7711 (Facsimile)
Attorneys for Defendant City of Chicago

## FED. R. CIV. P. 26(g) CERTIFICATION

I, Justin Tresnowski, an attorney in the City of Chicago Law Department, certify that the foregoing responses are complete and correct to the best of my knowledge, information and belief at this time and based on a reasonable inquiry.

Date:   November 21, 2018

Justin Tresnowski
City of Chicago, Department of Law
Constitutional and Commercial Litigation
Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-4216
Justin.Tresnowski@cityofchicago.org

6

## FED. R. CIV. P. 26(g) CERTIFICATION

I, Joseph P. Roddy, an attorney for the Chicago Park District, certify that the foregoing responses are complete and correct to the best of my knowledge, information and belief at this time and based on a reasonable inquiry.

Date:   November 21, 2018

Joseph P. Roddy
Burke, Warren, MacKay & Serritella, P.C
330 North Wabash Avenue, Suite 2100
Chicago, Illinois 60611
(312) 840-7000
jroddy@burkelaw.com

7