# Exhibit A

```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   PROTECT OUR PARKS, INC.,        ) Docket No. 18 CV 3424
     et al.,                         )
 4                                   )
            Plaintiffs,              )
 5                                   ) Chicago, Illinois
                 vs.                 ) November 29, 2018
 6                                   ) 9:45 o'clock a.m.
     CHICAGO PARK DISTRICT and CITY  )
 7   OF CHICAGO,                     )
                                     )
 8          Defendants.              )

 9
                  TRANSCRIPT OF PROCEEDINGS - Motion
10            BEFORE THE HONORABLE JOHN ROBERT BLAKEY

11
     APPEARANCES:
12   For the Plaintiffs:     ROTH FIORETTI LLC
                             BY:  MR. ROBERT FIORETTI
13                           311 South Wacker Drive
                             Suite 2470
14                           Chicago, Illinois  60606

15   For Chicago Park District:
                             BURKE WARREN MacKAY & SERRITELLA PC
16                           BY:  MR. JOSEPH P. RODDY
                             330 North Wabash Avenue
17                           22nd Floor
                             Chicago, Illinois  60611
18
     For City of Chicago:    CITY OF CHICAGO, DEPARTMENT OF LAW
19                           BY:  MR. ANDREW W. WORSECK
                             30 North LaSalle Street
20                           Suite 1230
                             Chicago, Illinois  60602
21

22
                      Laura LaCien, CSR, RMR, CRR
23                       Official Court Reporter
                 219 South Dearborn Street, Suite 1212
24                     Chicago, Illinois  60604
                           (312) 408-5032
25
```

```
 1             (The following proceedings were had in open court:)
 2             COURTROOM DEPUTY:  18 C 3424, Protect Our Parks, et
 3   al., versus Chicago Park District.
 4             MR. ROTH:  Good morning, your Honor.  My name is
 5   Mark Roth.  I represent the plaintiffs.
 6             MR. WORSECK:  Good morning, your Honor.  Andrew
 7   Worseck for the City.
 8             MR. RODDY:  Good morning, Judge.  Joe Roddy on
 9   behalf of the Chicago Park District.
10             THE COURT:  We've got a couple things up today.
11   Counsel, have you seen the motion to dismiss?
12             MR. ROTH:  I have, your Honor.  Yes.
13             THE COURT:  Okay.  Do you want to amend your
14   complaint or file a response?
15             MR. ROTH:  No.  We're going to file a response, your
16   Honor.
17             THE COURT:  Okay.  How long do you need to do that?
18             MR. ROTH:  Well, it ties a little bit in with the
19   motion to stay discovery so if I can address those at the
20   same time, I would appreciate that.
21             THE COURT:  Sure.
22             MR. ROTH:  So the defendants have filed a motion to
23   dismiss and a motion for judgment on the pleadings.  Attached
24   to the motion for judgment on the pleadings are various
25   documents that they're asking the Court to take judicial
```

1   notice of.  We had sent out requests to produce and
2   interrogatories earlier on in the case and, in fact, those
3   requests to produce interrogatories are now overdue.  They've
4   never produced any documents whatsoever, never objected,
5   never responded to the requests to produce at all so what I'm
6   asking is that I respond that they produce those documents
7   and answer the interrogatories within seven days and then I
8   be given 35 days thereafter to January 11th to file our
9   response to the motion to dismiss and a motion for judgment
10  on the pleadings.
11           THE COURT:  Exactly which portions of the discovery
12  do you think relate to the issues raised in the defendant's
13  motions?
14           MR. ROTH:  Well, for example, your Honor, in the
15  motion to dismiss, the City and the Park District take the
16  position that there are 11 other museums within parks and --
17           THE COURT:  Counsel, do you want to make your
18  appearance?
19           MR. FIORETTI:  Good morning, your Honor.  Sorry.
20  Bob Fioretti on behalf of the plaintiffs.
21           THE COURT:  Okay.  Go ahead, counsel.
22           MR. ROTH:  So just as one example, your Honor, the
23  City and the Park District are basing their motion at least
24  in large part on the fact that they're saying that there are
25  11 other museums and parks.  Putting aside the fact that this

1   is much more than a museum, we had asked for all the lease
2   agreements or use agreements for those museums and in
3   response they never objected, they never responded, they
4   never produced them.
5           Now in their motion for judgment on the pleadings,
6   they're saying, your Honor, please take a look at just three
7   of those use agreements and based on three of those use
8   agreements grant our motion for judgment on the pleadings and
9   they're not even giving us the other eight agreements.  So
10  what they're doing is they're using this motion to stay
11  discovery as really a sword, not as a shield, so they're
12  withholding these documents that we have no access to.  And
13  then, on the other hand, they're saying, well, just consider
14  these select documents that we want the Court to see and
15  we've already asked for these other documents.  That's one --
16  just one example.
17          Obviously, my request to produce, they were tailored
18  to the complaint, your Honor, so I'm not going far afield but
19  that's an example of one thing that they're absolutely basing
20  their motion on but yet they're denying us discovery on the
21  other hand so that's what we're looking for.  And it's -- you
22  know, they've already had -- they brought the motion to
23  stay after -- we're here today after the discovery responses
24  are due.  The first discovery response was due last Tuesday
25  and the supplemental requests for production that asks for

1  all the museum use agreements, leases, et cetera, was due
2  yesterday and they've never even bothered to respond those,
3  your Honor.
4          THE COURT:  All right.  Other than the lease and use
5  agreements, what other specific discovery are you requesting
6  in order to file a response?
7          MR. ROTH:  Well, we've asked for study and analysis
8  on the public benefits to the Obama Center, which we've never
9  received, and there -- and the reason that that's relevant is
10 they're asking the Court to take judicial notice
11 apparently -- which I think is improper but that we'll
12 address that in our response -- that this Obama Center is
13 going to confer a benefit on the public.  They have analysis
14 and studies that they've done that show what the detriments
15 and benefits are and they're refusing to produce those as
16 well.
17         THE COURT:  What else?
18         MR. ROTH:  That's it, your Honor.
19         THE COURT:  Just those two items?
20         MR. ROTH:  Yes, your Honor.
21         THE COURT:  Okay.  Go ahead, counsel.
22         MR. WORSECK:  Thank you, your Honor.  First of all,
23 just to clear up some underbrush regarding the timing of
24 discovery responses and our communications to plaintiffs, by
25 our calculation, the initial set of discovery that the

1 plaintiff serves, the response date for that was the Friday
2 after Thanksgiving. We notified plaintiffs in writing, sent
3 them an email saying in light of our pending motion to stay
4 discovery, we believe that we have an appropriate basis, a
5 good faith basis for declining to respond to those requests
6 at that time.
7      The second set of discovery that they issued, which
8 was tailored to the museum agreements for the other 11
9 museums, that's due today so that response is not even late.
10 We would intend to take the same position with respect to
11 that as we've taken with respect to the first set in that all
12 of the discovery should be stayed in light of our dispositive
13 motion but counsel's representations of the discovery
14 schedule and the history is just not fair.
15      Counsel mentioned two categories of documents that
16 he thinks he needs in order to respond to the dispositive
17 motion. The museum agreements are -- we did cite three of
18 those in our motion. It was not a core argument or a core
19 feature of our motion. We could have a consultation with
20 plaintiff about whether we would be amenable to producing the
21 other eight, I guess, museum agreements. The other category
22 of documents that he mentioned, a study of the public
23 benefits resulting from the OPC, that is just not a relevant
24 sort of document under the governing law that applies to the
25 public trust claim in this case.

1              The Illinois Supreme Court's guidance on that issue,
2     which would be dispositive here, is that the public trust
3     question can be and should be determined based solely on
4     looking at the terms of the governing ordinances and the
5     governing contract between the City and the Foundation which
6     we have produced which are matters of public record and which
7     provide the full contours of the inquiry.
8              THE COURT:  Is it your position that you would
9     withdraw any argument you have that is based on the other
10    lease agreements or any studies or any factual issue
11    regarding public benefit or are you going to continue to rely
12    on those arguments albeit in addition to other arguments in
13    your motion?
14             MR. WORSECK:  We would certainly maintain the
15    arguments that the Obama Presidential Center will provide
16    public benefits and that those public benefits can be
17    assessed and determined based on the face of the official
18    governing documents.  That is something that would be
19    potentially relevant to the Court's analysis depending on
20    which line of analysis it would choose to follow.  We've made
21    the argument that the Museum Act standing by itself is enough
22    to decide that issue.  But if the Court were to disagree with
23    that argument and feel the need to start to look at
24    additional factors in the way that the Friends of the Park
25    Decision did, then it would become relevant at that point to

1    look at the terms of the governing documents to assess the
2    public benefits, but only the terms of those governing
3    documents and nothing else.
4            There was -- in the Friends of the Park case, there
5    was the attempt to proffer expert testimony contradicting the
6    asserted public benefits of the Soldier Field renovations and
7    that was rejected as being irrelevant.
8            THE COURT:  When a Court considers a motion to
9    dismiss, one of the things the Court has to consider is
10   whether or not a dismissal is with or without prejudice and
11   there's a variety of factors that go into that analysis.
12   Some of the things I have to look at is the opportunity to
13   amend.  They've chosen not to do that so that's no longer an
14   issue.  The other opportunity is whether or not they've had
15   access to discovery.
16           So as part of the analysis in looking at your
17   motion, one of the things I want to at least assess on the
18   front end is whether or not you have any proportionality or
19   privilege arguments with respect to -- not relevance but
20   those issues with respect to the two pieces of discovery that
21   the plaintiffs have identified as being important to them
22   properly responding to your motion.
23           So do you have the other eight agreements?  Are
24   there, in fact, some studies or analysis?  Do you have those
25   and what are the proportionality and burden issues or any

1  other privilege or any other issue I would need to address in
2  whether or not to grant or deny that discovery at this point?
3      MR. WORSECK:  With respect to the other eight museum
4  agreements, we have what we think are the universe of those.
5  That would not be a burdensome thing to produce.
6      THE COURT:  Okay.  What about the other part?
7      MR. WORSECK:  With respect to the studies, I don't
8  know the answer to that as I stand here what that universe
9  might look like.  Again, we just think it's categorically
10 irrelevant under the governing law that would govern the
11 case.
12     THE COURT:  But you don't otherwise have a -- at
13 least as you stand here today have a specific proportionality
14 argument or a privilege argument, right?
15     MR. WORSECK:  I would ask for the opportunity to
16 make a refined assessment of that if the Court would like.
17     THE COURT:  Well, they've asked for it previously
18 and you're here on a motion to stay so now is the time to
19 address it.  Do you know if you have any proportionality
20 arguments or privilege arguments with respect to those
21 documents?
22     MR. WORSECK:  We may have both, your Honor.  I -- I
23 apologize I can't give more detail.
24     THE COURT:  Okay.
25     MR. WORSECK:  I know you would like it but --

1           THE COURT:  Okay.
2           MR. WORSECK:  -- in light of our stay motion, which
3   took the categorical position that no discovery is necessary,
4   we haven't gotten into the fine tuning.
5           THE COURT:  Okay.  Anything else, counsel?  Do you
6   need to respond to any of that?
7           MR. ROTH:  No, your Honor.  It is relevant and -- I
8   mean, they've -- first of all, I think they've admitted on
9   the museum agreements that they -- well, they're claiming
10  they exist and they're not producing them.  I think that's a
11  very easy decision to order those produced.
12          With respect to the documents regarding the public
13  benefit and such, you know, they've never responded to the
14  request to produce.  They've really waived that objections to
15  those requests and now they're coming in and they're saying,
16  well, we don't know if we're going to object or we're not
17  going to object and that's -- again, that would be fine if we
18  had an unlimited time frame for this case but I know that the
19  Court has already said that you want to reign this thing in
20  and set a relatively quick date so we really need to have an
21  answer to that.  We really believe it is relevant and they've
22  raised it.  That's a central issue in their public trust
23  doctrine argument.
24          THE COURT:  Okay.  Anything else?
25          MR. WORSECK:  I would just say this is something we

1   argued in our dispositive motion; but if you just look at
2   this whole sort of pantheon of public trust cases, none of
3   them get into the weeds in terms of what the public benefits
4   of a project are.  They arise from situations where the
5   legislature and/or a local government made a legislative
6   determination that a particular project was in the public
7   interest and the Court sometimes look at the face of those
8   documents to see whether that's facially sensible but they
9   don't go beyond that to start looking at studies or taking
10  expert testimony or anything like that as to whether, in
11  fact, the public benefits are going to be exactly as
12  contemplated by the legislature.
13          THE COURT:  Okay.  A couple housekeeping matters.
14  The motion for leave to file excess pages, Docket Entry 49,
15  Gloria, that's going to be granted.
16          Did the parties have an opportunity to see the
17  motion that was recently filed, Docket Entry 61, regarding
18  the amicus brief?
19          MR. ROTH:  Well, I saw --
20          THE COURT:  It came in late last -- I don't know
21  what time it came in.  I looked at it around 8:00 p.m. last
22  night so I don't know what time it came in.
23          MR. ROTH:  My email was pinging last night until
24  about 9:00 o'clock so I saw that there were motions filed.
25  Quite honestly, I haven't downloaded those but I saw that

1  there were three.  I believe there's three motions that are
2  filed, filed amicus briefs that are up next -- on
3  December 6th, so next week.  I mean, I guess what I would do
4  is we'll file a response to that or not before December 6th,
5  your Honor.
6         THE COURT:  Well, I want to handle it now.  I don't
7  want to string this stuff out.  This case is going to move
8  efficiently and fairly.  What is your argument against the
9  amicus briefs --
10         MR. ROTH:  Your Honor, I haven't even --
11         THE COURT:  -- because the decision to whether to
12  grant them is really -- I think the words of the Seventh
13  Circuit were it's a matter of judicial grace, so.
14         MR. ROTH:  Understood, your Honor, but quite
15  honestly I haven't opened them so I don't know -- I don't
16  know what they say.  One came in at 9:00 o'clock last night
17  and this morning I was preparing for hearing today so I
18  haven't even looked at those briefs.
19         THE COURT:  Well, assuming worst-case scenario that
20  they're incredibly well written and have everything in the
21  world that you fear would be in a motion, can you still get
22  your response in by January 11th because that's already a
23  longer date than I would normally give in terms of a response
24  to the motion to stay.
25         MR. ROTH:  Yes, your Honor.

```
 1                THE COURT:  You can?
 2                MR. ROTH:  Yeah.
 3                THE COURT:  Okay.  All right.  Do you want me to
 4   leave on the December 6th date because my inclination would
 5   be to simply grant it, let you look at it, you can respond to
 6   it and then I strike the date, save everybody a little money
 7   on attorneys at that point and then you respond to it.  And
 8   if it's a great brief, you're going to have a great response.
 9   And if it's not, then it doesn't really matter.
10                MR. ROTH:  Yes, your Honor.  I'm fine with that.
11                THE COURT:  All right.  So the motions for amicus
12   briefs are going to be granted.  We're going to strike the
13   December 6th notice.  We're also set for a case management
14   date on 12-5.  In light of the briefing, I don't think
15   that that -- that might be premature so is there any
16   objection to striking that date?
17                MR. ROTH:  Yes.  We agree, your Honor.
18                THE COURT:  Okay.  All right.  If they file a
19   response, counsel, on January 11th, how long do you need for
20   a reply?
21                MR. WORSECK:  21 days, your Honor.
22                THE COURT:  You need that long, really?  Okay.  All
23   right.
24                MR. WORSECK:  We can certainly file it sooner.
25                THE COURT:  That's fine.  Gloria, give me a 21-day
```

```
 1  response -- excuse me, reply date to the response which is
 2  going to be on January 11th.
 3              COURTROOM DEPUTY:  Friday, February 1st.
 4              THE COURT:  And then two weeks for a hearing and a
 5  ruling.
 6              COURTROOM DEPUTY:  Thursday, February 14th at
 7  9:45.
 8              THE COURT:  Is that good for everybody?
 9              MR. WORSECK:  Yes, your Honor.
10              MR. RODDY:  Yes, Judge.
11              MR. ROTH:  Yes.
12              THE COURT:  All right.  Anything else I need to
13  address other than the motion to stay?
14              MR. ROTH:  No, your Honor.
15              THE COURT:  All right.  The motion to stay with
16  respect is going to be denied.  I'm going to order production
17  of the eight other agreements and the studies analysis, if
18  you have them.  If there's any privilege or issues, then
19  you're going to have to make a privilege log and meet and
20  confer with the other side.  Otherwise, I'll expect that they
21  be turned over and the deadline for that will be seven days
22  from today.  What's that date, Gloria?
23              COURTROOM DEPUTY:  December 6th.
24              THE COURT:  Okay.  Anything else we need to address,
25  counsel?
```

```
 1             MR. ROTH:  No, your Honor.
 2             MR. WORSECK:  Your Honor, just to --
 3             THE COURT:  Yep?
 4             MR. WORSECK:  -- clarify.  With respect to the
 5   productions that you've just ordered, we would maintain as
 6   you were asking proportionality and burdensomeness and
 7   privilege objections and the kind of the full menu of
 8   objections.
 9             THE COURT:  Well, the -- you indicated there were
10   none as to the eight.
11             MR. WORSECK:  True; yes.
12             THE COURT:  And as to the other ones, you don't have
13   a factual basis to do that because you don't know what's
14   involved so those objections are not preserved.
15             MR. WORSECK:  But if --
16             THE COURT:  If you look at it --
17             MR. WORSECK:  -- upon reviewing the documents at
18   that time, we would have a good faith basis for that
19   position.
20             THE COURT:  Yeah.  It better be really -- I don't
21   expect that you're not going to comply with the seven so if
22   you have an issue with it, you're going to need to file a
23   motion and notice it up before that due date is due.  I don't
24   want this discovery to delay the briefing schedule that's
25   already longer than I would normally set.  Okay?
```

```
 1              MR. WORSECK:  Understood.
 2              THE COURT:  Okay.  Great.  Have a great holiday.
 3              MR. FIORETTI:  Thank you, your Honor.
 4              MR. ROTH:  Thank you, your Honor.
 5              MR. RODDY:  Thank you.
 6              MR. WORSECK:  Thank you.
 7        (Which concluded the proceedings in the above-entitled
 8   matter.)
 9                        C E R T I F I C A T E
10         I hereby certify that the foregoing is a transcript
11   of proceedings before the Honorable John Robert Blakey on
12   November 29, 2018.
13
14   /s/Laura LaCien
     _____             November 30, 2018
15   Laura LaCien                                Date
     Official Court Reporter
16
17
18
19
20
21
22
23
24
25
```